# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES SUDBERRY,            Case No. 1:10-cv-630

    Plaintiff                        Weber, J.
                                 Litkovitz, M.J.

vs

TERRY COLLINS, et al.,          **REPORT AND**
                                 **RECOMMENDATION**
    Defendants

This matter is before the Court on plaintiff's motion for reconsideration of the Court's September 21, 2010 Order denying plaintiff's motion for leave to proceed *in forma pauperis* under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. 1915(g), and ordering payment of the full filing fee within thirty (30) days. (Doc. 5). Plaintiff argues he suffered from serious physical and psychological injuries and therefore qualifies for *in forma pauperis* status under the statutory exception to the three strike rule. *Id.*

Plaintiff's motion should be denied. To qualify for the exception to the three strike provision of § 1915(g), plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court." *See Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). *See also Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007). The serious physical harm plaintiff complains about occurred in May 2010 as the result of being allegedly assaulted by a corrections officer. Plaintiff's complaint was filed in September 2010, well after the alleged assault. Thus, plaintiff's allegation of past physical harm does not meet the exception to the three strike bar in this case. *See Abdul-Akbar*, 239 F.3d at 315 ("By using the

term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). In addition, plaintiff's allegations of psychological harm do not qualify because the statute, by its very terms, requires "imminent danger of serious *physical* injury" to satisfy the exception to the three strike rule.

Plaintiff has alleged no other facts or cited any legal authority which suggests that reconsideration of the Court's September 21, 2010 Order is warranted. Therefore, his motion for reconsideration should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for reconsideration be **DENIED**.

2. This case be **DISMISSED** for plaintiff's failure to pay the Court's $350.00 filing fee as ordered by the Court. *In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

3. Plaintiff be assessed the full filing fee of $350.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d at 382.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore*, 114 F.3d 601.

5. If this Recommendation is adopted, the Clerk of Court should be **DIRECTED** to mail a copy of the Court's Order adopting the Report and Recommendation to the Cashier of the prison at which plaintiff is incarcerated and issue the attached instructions to plaintiff and the prison cashier's office. The prison's Cashier should be ordered to deduct and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.

Date: 10/26/2010

Karen L. Litkovitz, Magistrate Judge
United States District Court

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

### INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE

The prisoner shown as the plaintiff on the attached order owes the court a fee. Pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the fee is to be paid as follows:

> The prison cashier shall forward to the Clerk of Court located in Cincinnati, Ohio monthly payments of twenty percent (20%) of the preceding month's income credited to the prisoner's account each time the amount in the account exceeds ten dollars ($10.00) until the full fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk of the Court. Payments should be forwarded to the address below.

If the prisoner has filed more than one case, he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* status or otherwise ordering the collection of the full filing fee.

> ***The prisoner's name and case number must be noted on each remittance.***
>
> Checks are to be made payable to: **Clerk, U.S. District Court**.
>
> Checks are to be sent to:
>
> > **Prisoner Accounts Receivable**
> > **103 Potter Stewart United States Courthouse**
> > **100 East 5th Street**
> > **Cincinnati, Ohio 45202**

3

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES SUDBERRY,  Case No. 1:10-cv-630

    Plaintiff  Weber, J.
                                                          Litkovitz, M.J.

vs

TERRY COLLINS, et al.,
    Defendants

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).